```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION

BILLY H. BROWN,                 )
                                )
     Petitioner,                )
                                )
     v.                         )     NO. 3:07-CV-562
                                )
INDIANA STATE PRISON,           )
SUPERINTENDENT,                 )
                                )
     Respondent.                )
```

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner, Billy H. Brown, on November 16, 2007. For the reasons set forth below, the Petition (DE #1) is **DISMISSED**. And, the petitioner's motion for leave to proceed *in forma pauperis* (DE #2) is **DENIED** as moot.

BACKGROUND

Petitioner, Billy H. Brown, has filed the instant petition in an attempt to challenge his October 18, 1990, forty-year sentence and conviction for rape while armed with a deadly weapon in Elkhart Circuit Court cause #20001-9004-CF-044. (DE #1 at p.2). After he was sentenced, Petitioner indicates that he appealed to the Indiana Court of Appeals. (DE #1 at ¶9(g)) Following the Indiana Court of Appeals' decision, Brown asserts that he did not seek transfer to

the Indiana Supreme Court. Additionally, he denies that he filed any petitions for post-conviction relief in the trial court. (DE #1 at ¶10 and ¶11(d)). Yet, in stark contrast, he then states that he filed pleadings attacking his conviction based on "what the attorneys have filed on my behalf, off minutes, motions, appeals, etc." (DE #1, Ex.1). And, the Indiana Court of Appeals' records indicate that it refused to allow Brown to file successive petitions for post-conviction relief on two occasions.

In any event, Brown claims that the instant petition is not barred by the applicable one-year statute of limitations. His explanation is that he recently obtained copies of the trial transcripts, and only after did discovered issues of which he had been unaware before October 3, 2007. (DE #1, ¶18).

DISCUSSION

Rule 4 governing Section 2254 habeas corpus proceedings provide as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Habeas corpus petitions are subject to a one-year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in

>  custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Brown's conviction became final before the April 24, 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEPDA"), the one-year period of limitation ended April 24, 1997, unless it was tolled. Brown signed the habeas petition October 29, 2007.

In the petition, Brown only provided the date of his conviction. To further complicate matters, Brown affirmatively represents that he did not file any post-conviction pleadings while at the same time indicating that he did. This inconsistency, in conjunction with the lack of dates for these events, makes it impossible to accurately determine the actual deadline date under

3

28 U.S.C. § 2244(d). However, the records of the Indiana Clerk of Courts indicate that Brown filed three (3) appeals between 1998 and 2001. They were in cause #46 A 03 -9807-PC-00331 filed July 31, 1998; cause #20 A 04-9811-SP-00567 filed November 19, 1998, and cause # 46 A 03-0010160-SP-00200 filed June 15, 2001. The last two matters involved successive petitions for post-conviction relief which the appellate court declined to authorize. The court infers from this that Brown filed a petition for post-conviction relief before July 31, 1998. According to its records, the Indiana Court of Appeals denied Brown permission to file a successive petition on June 29, 2001. That is the latest date Brown could theoretically rely upon to toll the deadline. But, calculating the filing deadline based on the June 29, 2001, date yields a July 29, 2002 filing cut-off date (twelve months plus thirty days to seek transfer). The petition was filed more than five years beyond it.

Brown recognizes that the delay in filing the petition could prevent him from litigating his claims. (DE #1, ¶18) But, he asserts the petition rests upon "newly-discovered evidence". Brown maintains that his review of the trial transcripts which he recently obtained revealed to him "issues" of which he was previously unaware. (DE #1,¶12 at pps 5-18). On the surface this claim seems to fall under 28 U.S.C. § 2244(d)(1)(D). However, closer examination reveals that subsection does not apply because Brown does not point to any new "factual predicate" for his

4

assertion that newly-discovered evidence supports the petition.

In the petition Brown presents eleven grounds for relief; nine of them involve witnesses' trial testimony. The remaining claims are that some jurors slept during the trial and there was no medical evidence to substantiate the victim's account of the offense. Additionally, Brown contends that appellate counsel was ineffective because he only raised a single issue in Brown's appeal. (DE #1,¶12 at pps 5-18).

Essentially, the issues upon which Brown relies are "abstract proposition[s] of law". As such they are not newly-discovered evidence for purposes of subparagraph (D). Recently, in *Lo v Endicott*, No. 06-3948, 2007 WL 312099, at *3 (7th Cir. October 26, 2007), the Court of Appeals affirmed that the "factual predicate" necessary to come under 28 U.S.C. § 2244(d)(1)(D)'s mantle of newly-discovered evidence must be "subject to proof or disproof like any other factual issue." *Id.* The gist of Brown's newly-discovered evidence argument is that he recently realized the legal significance of facts that were apparent from the trial transcripts all along; this does not establish grounds to toll the statutory one-year deadline. Moreover, Brown does not allege that he was absent from the trial and did not hear the testimony set out in the transcripts. Consequently, at least by the end of trial in 1990, he should have been aware of the circumstances regarding the issues he now tries to raise. "The limitations period begins with discovery

5

of the claim's factual predicate, rather than recognition of its legal significance." *Owens v Boyd*, 235 F.3d 356, 359 (7th Cir. 2001)(citations omitted).

CONCLUSION

For the reasons set forth above, the Petition (DE #1) is **DISMISSED**. And, the petitioner's motion for leave to proceed *in forma pauperis* (DE #2)is **DENIED** as moot.

**DATED:  December 5, 2007**          /s/RUDY LOZANO, Judge
                                      **United States District Court**

6